UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES HENRY MORALES-FRANCISCO, A-216-169-966,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondent. | No.  1:26-cv-04784-DC-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Andres Henry Morales-Francisco is detained by Immigrations and Customs Enforcement ("ICE"). Proceeding through counsel, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) Respondent filed an answer. (ECF No. 6.) Petitioner did not file the optional reply. For the reasons set forth below, the undersigned recommends the petition be denied.

**I.     Background**

Petitioner is a twenty-one year old native and citizen of Guatemala who entered the United States in 2017 as an unaccompanied minor child. (ECF No. 1, ¶ 1.) He was apprehended and released to his sponsor's custody and pursued asylum under the Convention against Torture. (Id., ¶¶ 2-3.) The petition alleges there was no material change to petitioner's circumstances prior

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

to his re-detention by the Department of Homeland Security (DHS). (Id., ¶ 4.)

Under respondents' evidence, however, petitioner was arrested in Florida on June 22, 2025, for aggravated assault with a deadly weapon, carjacking, robbery, and drug possession, and was subsequently charged with several offenses including robbery and larceny. (See ECF No. 6 at 15-20, Rap Sheet.) No party addresses the disposition of those charges. Petitioner is in active removal proceedings. (See ECF No. 6 at 5-7, Form I-213.) The status of petitioner's removal proceedings is not clear.

Respondents argue petitioner is subject to mandatory detention under 28 U.S.C. § 1226(c)(1)(A) because of his charges for Laken Riley Act offenses. (ECF No. 6 at 1.) The record does not reflect whether petitioner has sought a custody redetermination from an immigration judge while in ICE custody.

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

The petition asserts violations of petitioner's right to substantive and procedural due process, as well as violation of the INA, based on ICE's decision to re-detain him following his prior release from custody without affording him any pre-deprivation hearing or post-deprivation bond hearing. (ECF No. 1 at 7-12.) However, petitioner does not acknowledge respondents' evidence that prior to being detained, he was arrested for and charged with robbery and larceny.

In January 2025, Congress enacted the Laken Riley Act, which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential

2

elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

Based on the record before the court, it appears petitioner satisfies both statutory conditions for the application of 8 U.S.C. § 1226(c)(1)(E) on account of his administrative charge as inadmissible and June 2025 arrest resulting in charges for robbery and larceny. See § 1226(c)(1)(E)(i)-(ii). Thus, petitioner fails to show he is detained in violation of the INA. Petitioner's due process claims alleging arbitrary re-detention after his previous release and denial of a bond hearing are similarly without merit. As petitioner does not dispute that his detention is governed by 8 U.S.C. § 1226(c), he fails to show respondents were required to provide him with a pre-deprivation hearing or a post-deprivation bond hearing. See Demore v. Kim, 538 U.S. 510, 531 (upholding the constitutionality of mandatory § 1226(c) detention "for the limited period of ... removal proceedings").

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner advances no argument that the Laken Riley Act does not apply and has not responded to or acknowledged respondents' evidence and argument that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).[2] Accordingly, petitioner fails to carry his burden of proving entitlement to any relief.

**IV.   Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

---

[2] Petitioner does not assert his detention has become unconstitutionally prolonged.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mora4784.mer

4